**The document below is hereby signed.**

**Dated: March 12, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
MAE LIZA STROWBRIDGE,          )   Case No. 11-00701
                              )   (Chapter 13)
           Debtor.             )   Not for publication in
                              )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER RE
<u>OBJECTION TO CLAIMS OF SURF CONSULTANTS, INC.</u>

This addresses the trustee's objections to two proofs of claim filed by Surf Consultants, Inc., each asserting the creditor's claim for $9,777.30.  The creditor has failed to respond to the trustee's objections.

On October 31, 2011, Surf Consultants, Inc., filed a proof of claim assigned Claim No. 3 on the court's claims register.  The trustee objects to the claim on the basis that the claim was not signed, and that it listed the wrong court.

On January 20, 2012, Surf Consultants, Inc. filed a second proof of claim assigned Claim No. 7 on the court's claims register.  The trustee objects to that claim as untimely.

I

Claim No. 7 was filed prior to the trustee's filing her

objection to Claim No. 3.  Claim No. 7 is a duplicate of Claim No. 3, except that it corrected the two errors in Claim No. 3.  It did so without anyone having served a notice on Surf Consultants, Inc. that the proof of claim was unsigned and mis-captioned.

An unsigned filing is not invalid at the outset.  *See Holley Coal Co. v. Globe Indem. Co.*, 186 F.2d 291, 294 (4th Cir. 1951); *B.R. ex rel. Rempson v. District of Columbia*, 524 F.Supp.2d 35, 38 n.2 (D.D.C. 2007).  Instead, Fed. R. Bankr. P. 9011(a) provides that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."  As noted in the Advisory Committee Notes to the 1993 amendments of Fed. R. Civ. P. 11(a), the analog of Fed. R. Bankr. P. 9011(a), "[c]orrection can be made by signing the paper on file or by submitting a duplicate that contains the signature."  Claim No. 7 was a duplicate of Claim No. 3 submitted to correct the omission of the signature.  Here, the clerk (and the parties in interest in this case) failed to notify Surf Consultants, Inc., prior to its correcting the defect on its own, that its proof of claim had not been signed.  There is no basis for the court to strike the claim for failure of Surf Consultants, Inc. to have signed the proof of claim when Surf Consultants, Inc. corrected the defect even before anyone gave notification of the defect.

II

Even though Claim No. 3 was captioned for a different court, it plainly was intended to be filed in this court, the only court in which the debtor had a bankruptcy case pending. The trustee's objection in that regard must be overruled.

III

Treating Claim No. 7 as merely amending Claim No. 3 to supply the omitted signature (and to correct the name of the court), the claim asserted in the two proofs of claim ought to be allowed. The trustee objects that Claim No. 7 was not timely filed, but treating Claim No. 7 as amending timely-filed Claim No. 3, the amendment relates back, and the claim is timely. *See Rodriguez v. City of New York*, 2011 WL 4344057, at *3 (S.D.N.Y. Sept. 7, 2011) (statute of limitations did not bar complaint when the omission of a signature was promptly corrected after notice of the defect); *Farmer v. United States*, 2005 WL 2811885 (E.D. Tenn. Oct. 26, 2005) (response to motion deemed timely when omission of signature was promptly corrected after notice of the defect).

IV

In light of the foregoing, it is

ORDERED that the trustee's objections to the claims of Surf Consultants, Inc. (Claims Nos. 3 and 7 on the claims register) are disposed of as follows. It is further

3

ORDERED that the $9,777.30 claim asserted in Claim No. 3, treated as amended by Claim No. 7, is allowed as a claim. It is further

ORDERED that Claim No. 7 is treated as an amended version of Claim No. 3 and is not allowed as an additional claim for $9,777.30.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification;

Surf Consultants Inc. as successor in interest to
Chase Bank USA N.A.-First USA Bank NA Card
c/o Sprechman & Associates, P.A.
2775 Sunny Isles Blvd., Suite 100
Miami, FL 33160